[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Karen Lombard has filed a certified foreign judgment from a sister state, the Commonwealth of Massachusetts, and the appropriate certificate under Conn. Gen. Stat. 52-604 to commence enforcement of the judgment in Connecticut against the defendant Raymond Paul Standish. The defendant objects to the issuance of an execution because, he contends, the judgment was one upon default, and, in addition, the Massachusetts judgment is on appeal. The court conducted an evidentiary hearing on April 12, 1993, and the parties were invited to submit supplemental briefs on or before April 23.
The court finds the following facts:
The defendant here, Raymond Paul Standish, was the plaintiff in the Massachusetts action, which he commenced with the assistance of Massachusetts counsel, in August 1989. The plaintiff here, Karen Lombard, was the defendant in the Massachusetts action, and she appeared by counsel, filed a counterclaim against Mr. Standish, and removed the matter from the Chelsea Division court where it had originally been filed to the Superior Court, Suffolk County.
At some point, Mr. Standish's lawyer was allowed to withdraw as plaintiff's counsel, leaving Mr. Standish unrepresented by counsel for some period of time before new counsel entered an appearance for him in March of 1990. At any rate, Mr. Standish proceeded pro se during this period, and it is reflected on the docket sheet for the Suffolk County Superior Court (Exhibit 1) CT Page 5593 that he was properly noticed by the court as a pro se party.
On April 2, 1990, Mr. Standish, either pro se or by counsel, filed an answer to Ms. Lombard's counterclaim. In July, 1990, Mr. Standish filed opposition papers to Ms. Lombard's motion to dissolve an attachment. He also filed objections to a third set of interrogatories. In August, he answered certain of Ms. Lombard's interrogatories. Also in August, 1990, Mr. Standish's complaint against Ms. Lombard was dismissed. In 1991, two litigation control conferences were scheduled before Justice Hiller Zobel. In September, 1991, Mr. Standish's attorney attempted to withdraw his appearance in the matter. On November 25, 1991, Mr. Standish was defaulted on the counterclaim for failure to defend, pursuant to Mass. R. Civ. Pro. Rule 55(b)(2).[1] Also on that date, the court permitted Mr. Standish's counsel to withdraw his appearance.
The court scheduled a hearing in damages for December 23, 1991. Notice was sent to Mr. Standish at the address on his pro se appearance (which had never been withdrawn) and also to his out-of-state lawyer, the latter notice evidently as a courtesy. Mr. Standish did not attend the damages hearing and the court entered judgment against Mr. Standish on December 23 for $475,000, together with interest and costs. No appeal has been taken from that judgment. Mr. Standish has, however, filed a number of post-judgment motions, including a motion to vacate the judgment of default, a motion to stay execution of the judgment, and a motion for reconsideration of the court's denial of the motion to vacate the judgment. The only appeal currently extant is Mr. Standish's appeal from the court's denial of his motion to reconsider. On July 30, 1992, the Massachusetts court issued an execution against Raymond Paul Standish at the request of Karen Lombard in the amount of $627,058.80.
This court concludes that the defendant Raymond Paul Standish's objection to the execution of the judgment should be overruled. The argument he makes that the judgment was entered against him by default of appearance is entirely disingenuous given the fact that he was the plaintiff in the Massachusetts action, that his appearance pro se or by counsel was always before the court, and that he filed pleadings and other papers with the court throughout the litigation. The fact that he did not diligently defend the action or that he failed to attend a conference or hearing at a crucial stage of the proceedings cannot transmute a default for failure to defend into a "default in appearance" within the meaning of Conn. Gen. Stat. 52-605(a). Nor can his CT Page 5594 appeal from a post-judgment motion masquerade as an appeal from the underlying judgment.
The objection to the execution is overruled, and the execution prayed for may issue forthwith.
/s/ Patty Jenkins Pittman, J. PATTY JENKINS PITTMAN